# SUPERIOR COURT
## of the
# STATE OF DELAWARE

Jeffrey J Clark
 Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

September 25, 2020

Ms. Jacqueline Conyers-Williams
14 Virginia Avenue
Dover, DE  19904

Patrick Scanlon, Esquire
203 NE Front Street, Suite 101
Milford, DE  19963

RE:  *Route 17 LLC v. Jacqueline Conyers A/K/A Jacqueline Williams*
     *K20M-08-005 JJC*

Dear Ms. Conyers-Williams and Mr. Scanlon:

Plaintiff Route 17 LLC ("Route 17") filed a writ of scire facias sur judgment. In it, Route 17 seeks to renew a Court of Common Pleas judgment that it transferred to Superior Court on December 30, 2010. The Court of Common Pleas had previously entered a $5,719.44 default judgment against Defendant Conyers-Williams, together with post-judgment interest awarded at the rate of $6.25%. Approximately two years after Route 17 transferred the judgment, Ms. Conyers-Williams filed bankruptcy.

The Court ordered Ms. Conyers-Williams to appear and show cause why the judgment should not be renewed as permitted by 10 *Del. C.* § 4715. She appeared and produced documents showing that she included Route 17 as a creditor in her 2012 bankruptcy. She also showed documents demonstrating a Chapter 7 discharge

on October 15, 2012. On the other hand, Route 17's complaint does not address the bankruptcy. Route 17 raised the bankruptcy issue orally at the initial hearing, however. At the rule to show cause hearing, it alleged that because Ms. Conyers-Williams did not file a motion to set aside the lien of judgment in bankruptcy court, the lien survived the discharge in bankruptcy.

Furthermore, Ms. Conyers-Williams alleges partial, if not complete, payment of the judgment. In response to that defense, Route 17 mistakenly provided the Court with an incorrect account statement. Several days later, it corrected the matter appropriately and provided what it represents to be Ms. Conyers-Williams's payment history.

The Court will hold an evidentiary hearing on the request to renew the lien of judgment for two reasons. First, it must consider the enforceability of the judgment because the record is unclear regarding Ms. Conyers–Williams's Chapter 7 bankruptcy. While the Court may not reexamine the enforceability of the original judgment, it must consider defenses such as a discharge in bankruptcy that arise after the entry of judgment.[1] Second, Ms. Conyers-Williams has the right to be heard on Route 17's corrected payment history.

As to the nature of the hearing, the Court may hear a sci fa as it hears other issues of fact, including through a trial by jury.[2] However, Ms. Conyers-Williams did not request a jury trial when raising her defenses. Accordingly, the Court will conduct a bench hearing.

---

[1] See 2 VICTOR B. WOOLLEY, PRACTICE IN CIVIL ACTIONS AND PROCEEDINGS IN THE LAW COURTS OF THE STATE OF DELAWARE § 1338, at 903 (1906), *reprinted in* Gale, Making of Modern Law: Legal Treaties 1800-1926 (2010) (providing examples of the type of post-judgment defenses that can be raised because they are not collateral). *See also id.* §1326, at 900-01 (recognizing that the defendant may "plead any mater in discharge of it").

[2] *See id.* § 1338, at 903 (recognizing that such defenses to a pleaded *sci fa* are tried as are other issues of fact).

2

Within fifteen days of the date of this Order, both parties shall provide their positions regarding the bankruptcy's effect on this judgment and the lien. They should provide authority and argument regarding Route 17's contention that (1) the bankruptcy discharged Ms. Conyers-Williams's personal liability, but (2) did not discharge the lien. The party's submissions may be single-spaced, structured as a letter, and should not exceed four pages in length.

After the Court receives the submissions, it will schedule an evidentiary hearing as quickly as practical. The scope of the hearing will include the effect of the bankruptcy on the judgment and any accompanying lien. It will also provide Ms. Conyers-Williams the ability to address any additional issues related to Route 17's corrected account statement. At the hearing, both parties should bring any documents that they feel support their case.

The decision regarding Plaintiff Route 17 LLC's Scire Facias Sur Judgment complaint is therefore **DEFERRED** pending an evidentiary hearing.

**IT IS SO ORDERED**

/s/ Jeffrey J Clark
Judge

JJC:jb
*Via File & ServeXpress & U.S. Mail*

3